RECEIVED
USDC, CLERK, CHARLESTON, SC
2010 FEB -9 A 10: 52

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Julius D. Weathers, #294420, | C. A. No. 2:09-1999-TLW-RSC |
| Petitioner, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Robert M. Stevenson, III, | |
| Respondent. | |

This habeas corpus petition under 28 U.S.C. § 2254 brought by a state prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the respondent's motion for summary judgment filed on November 17, 2009. 28 U.S.C. § 636(b).

## PROCEDURAL HISTORY

The Petitioner, Julius D. Weathers, is presently confined to Broad River Correctional Institution pursuant to Orders of Commitment from the Clerk of Court from Richland County. At the May 2003 term, the Richland County Grand Jury indicted Petitioner for trafficking crack cocaine (03-GS-40-1158) (PCR App. 326-27), trafficking cocaine (03-GS-40-1159) (PCR App. 322-23) and possession of a pistol by a person convicted of a crime of violence (03-GS-40-3353) (PCR App. 283-84).

Petitioner was represented by Assistant Public Defenders Jason Chehoski and Alana Odom. On June 23 and 24, 2003,

1

Petitioner was tried before the Honorable James C. Williams, Jr., and a jury. On June 24, 2003, the jury found him guilty as charged, and Judge Williams sentenced Petitioner to concurrent sentences of thirty (30) years for trafficking cocaine, thirty (30) years for trafficking crack cocaine, and five (5) years for possession of a pistol. (PCR App. 215; 219; 229; 321; 325).

A notice of appeal was filed with the South Carolina Court of Appeals. Assistant Appellate Defender Tara S. Taggart, of the South Carolina Office of Appellate Defense, represented Petitioner on direct appeal. On September 13, 2004, Taggart filed a "no merit" Anders Final Brief of Appellant and Petition to be Relieved as Counsel, in which she raised the following issues:

> Whether the trial judge erred in failing to grant a directed verdict of acquittal where there was insufficient evidence of guilt.

(PCR App. 221). On April 6, 2005, the South Carolina Court of Appeals issued an opinion in which it dismissed the appeal after Anders review. (PCR App. 230). The Remittitur was sent down on May 5, 2005.

Petitioner next filed a pro se Application for Post-Conviction Relief ("APCR") on October 24, 2005 (05-CP-40-5456), in which he asserted the following issues:

      a.    Ineffective Assistance of Counsel

      b.    Violation of (14th) Fourteenth Amendment Due

2

Process of Law

    c.  Violation of (4th) Fourth Amendment, to United States Constitution.

(PCR App. 232). The State filed a Return on July 17, 2006. (PCR App. 238).

An evidentiary hearing in Petitioner's PCR was held before the Honorable William P. Keesley on April 18th, 2007. (PCR App. 244). Petitioner was present and represented by counsel Charlie J. Johnson, Jr., Esquire. Petitioner and trial counsel Cheholski testified. On June 14, 2007, Judge Keesley issued an Order of Dismissal in which he rejected the claims for relief. (PCR App. 286).

Petitioner then filed a Motion to Alter or Amend the Judgment, on July 5, 2007. (PCR App. 252). On October 23, 2007. the State filed a Return and Motion to Dismiss the Motion to Alter or Amend Denial of PCR Petition. (PCR App. 294). Judge Keesley then filed two orders addressing briefing on the Motion to Alter or Amend. (PCR App. 298-99). The State then filed a Return to PCR Court's Order Regarding Applicant's Motion to Alter or Amend the Final Order of Dismissal, dated January 9, 2008. (PCR App. 301). Petitioner, through Assistant Appellate Defender Eleanor Duffy Cleary, filed a document also entitled Return to PCR Court's Order Regarding Applicant's Motion to Alter or Amend the Final Order of Dismissal, dated January 18, 2008. (PCR App. 309). On February 21, 2008, Judge Keesley issued an Order

Denying the Motion to Alter or Amend. (PCR App. 313).

An appeal was sought with the South Carolina Supreme Court. On August 19, 2008, Assistant Appellate Defender Elizabeth A. Franklin-Best filed a Petition for Writ of Certiorari, in which she raised the following claims:

> Did the PCR judge err when he found trial counsel effective when, in a case involving the execution of a search warrant, trial counsel testified that he did not make a suppression motion because Petitioner "was maintaining that he was not a resident of that apartment" and therefore he did not "have a viable Fourth Amendment claim?"

The State filed a Return to the Petition for Writ of Certiorari on November 16, 2008. On February 9, 2009, the state supreme court issued an order in which it denied the petition for writ of certiorari, and on March 9, 2009, the Remittitur was issued.

The following documents have been made part of the record here:

> 1. Appendix including: Index; Trial Transcript; Final Anders Brief; Court of Appeals Opinion; Application for Post-Conviction Relief; Return; Post-Conviction Relief Hearing Transcript; Plaintiff's Exhibit; Order of Dismissal; Motion to Alter and Amend Judgment; Return and Motion to Dismiss Motion to Alter and Amend Denial of PCR Petition; Order Regarding Motion to Alter and Amend; Return to PCR Court's Order Regarding Applicant's Motion to Alter or Amend Final Order of Dismissal; Return to PCR Court's Order Regarding Applicant's Motion to Alter or Amend Final Order of Dismissal; Order Denying Motion to Alter or Amend; Clerk of Court Records; South Carolina Department of Corrections Records;
>
> 2. May 9, 2005, Remittitur;

|     |                    |                                                      |
|-----|--------------------|------------------------------------------------------|
| 3.  | February 1, 2008   | Order (denying Motion to Alter or Amend);            |
| 4.  | August 19, 2008    | Petition for Writ of Certiorari;                     |
| 5.  | December 1, 2008   | Return to Petition for Writ of Certiorari;           |
| 6.  | February 19, 2009  | Order (denying Petition for Writ of Certiorari);     |
| 7.  | March 9, 2009      | Remittitur.                                          |

**GROUNDS FOR RELIEF PRESENTED**

In his petition for Writ of Habeas Corpus under 28 U.S.C. §2254, the petitioner made the following allegations:

**GROUND ONE:** Ineffective Assistance of Counsel

Supporting Facts: Trial Counsel was ineffective for not moving for suppression because Petitioner "was maintaining that he was not a resident of that apartment and therefore he did not have a viable Fourth Amendment claim.

**GROUND TWO:** Trial court erred in failing to grant a directed verdict.

Supporting Facts: Trial judge erred in failing to grant a directed verdict of acquittal where there was insufficient evidence of guilt.

**GROUND THREE:** Motion to alter or amend judgement. (sic)

Support Facts: Petitioner submits the entire motion for review and consideration.

On November 18, 2009, the petitioner was was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v.

5

Garrison, 528 F.2d 309 (4th Cir. 1975). After an extension of time to respond, the petitioner filed a response to the motion on January 14, 2010, in which he addressed his first ground for relief, that his lawyer was constitutionally ineffective for not moving to suppress the search warrant of his girlfriend's apartment. Hence it appears consideration of the motion is appropriate.

## APPLICABLE LAW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, is applicable to this action filed in 2009. Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear

and convincing evidence.

Further, 28 U.S.C. § 2254(e)(1) states that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. ... The touchstone for a reasonable determination is 'whether the determination is at least minimally consistent with the facts and circumstances of the case.'" Hennon v. Cooper, 109 F.3d 330, 335 (7th Cir.), cert. denied, 522 U.S. 819 (1997).

## THE HABEAS CORPUS EXHAUSTION REQUIREMENT

Relief under Section 2254 may be had only after a habeas petitioner has exhausted his state court remedies: "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas corpus. Claims not so raised are considered defaulted." Breard v. Green, 523 U.S. 371, 375, 118 S.Ct. 1352 (1998), citing Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497 (1977); see also, 28 U.S.C. § 2254(b). The theory of exhaustion is based on 28 U.S.C. § 2254, which gives the federal court jurisdiction of habeas petitions. See generally, O'Sullivan v. Boerckel, 526 U.S. 838, 119 S.Ct. 1728, (1999). The court's exhaustion requirements under §2254 are explained in Matthews v. Evatt, 105 F.3d 907, 910-911 (4th Cir.), cert. denied, 522 U.S. 833, 118 S.Ct. 102 (1997). In the interest of giving state

courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been properly presented to the highest state courts with jurisdiction to decide them. The burden of proving that a claim has been exhausted lies with the petitioner. The exhaustion requirement, though not jurisdictional, is strictly enforced. (Citations omitted).

Additionally, a claim has not been exhausted unless the substance of a petitioner's claim is "fairly presented" to the state courts. The <u>Matthews</u> court explained, "[t]he ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not suffice. In other words, fair presentation contemplates that both operative facts and the controlling legal principles must be presented to the state court." <u>Matthews v. Evatt</u>, 105 F.3d at 911.

In order to exhaust his collateral claims in state court, a South Carolina habeas corpus petitioner must pursue a direct appeal and/or file an application for relief under the South Carolina Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10-160. As the South Carolina Supreme Court has explained:

"[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies." In Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 321 S.C. 563, 564, 471 S.E.2d 454, 454 (1990).

Petitioner here had a direct appeal as well as a full round of PCR proceedings. Thus, he has exhausted all available remedies in the state courts; there are no remaining state remedies which can be pursued.

**PROCEDURAL DEFAULT**

When a federal habeas petitioner has failed to raise a claim at the appropriate time in state court and has no further means of bringing that issue before the state courts, the claim will be considered procedurally defaulted, and he will be procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural default of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. See, e.g., Smith v. Murray, 477 U.S. 527, 533, 106 S.Ct. 2661 (1986).

Procedural default can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an

earlier time. Furthermore, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. A petitioner must also raise all grounds raised but denied at the PCR hearing level in his subsequent petition to the South Carolina Supreme Court for a writ of certiorari from the denial of PCR if he is to preserve them for consideration here.

### THE RELATIONSHIP BETWEEN EXHAUSTION AND PROCEDURAL DEFAULT

If a petitioner in federal court has failed to raise a claim in state court at the appropriate juncture, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed (or defaulted) his opportunity for relief in the state courts. Under these circumstances, the exhaustion requirement is "technically met" and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert. denied, 522 U.S. 833, 118 S.Ct. 102 (1997), citing Coleman v. Thompson, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546 (1991); Teague v. Lane, 489 U.S. 288, 297-98, 109 S.Ct. 1060 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996). In other words, where the state court has not had the opportunity to apply its own procedural bar, the federal court will nevertheless bar the claim where application of the bar is clear. Teague v. Lane, 489 U.S. at 297-98.

**EXCUSING PROCEDURAL DEFAULT**

Notwithstanding the foregoing, the requirement of exhaustion is not jurisdictional, and a federal court may consider claims which have not been presented to the highest South Carolina court with jurisdiction to hear the claim in very limited circumstances. Cranberry v. Greer, 481 U.S. 129, 131, 107 S.Ct. 1671 (1989). A federal court will review a procedurally defaulted claim if the petitioner can demonstrate cause for the default and actual prejudice therefrom, or his actual innocence of the crimes for which he is being held. Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546 (1991). In this context, "cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n. 24, 119 S.Ct. 1936 (1999), quoting Murray v. Carrier, 477 U.S. 478, 488 (1986). A petitioner must show reasonable diligence in pursuing his claim to establish cause. Hoke v. Netherland, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996). Moreover, the claim of cause must itself be exhausted. Edwards v. Carpenter, 529 U.S. 446, 120 S.Ct. 1587 (2000) (failure of counsel to present issue on direct appeal must be exhausted in collateral proceeding as ineffective assistance to establish cause for default).

Next, with respect to establishing "actual prejudice," a petitioner generally must show some error. Tucker v. Catoe, 221

F.3d 600, 615 (4th Cir.), cert. denied, 531 U.S. 1054, 121 S.Ct. 661 (2000). In addition, a petitioner must show an actual and substantial disadvantage as a result of the error, not merely a possibility of harm, to show prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997).

"Actual innocence" is not an independent claim, but only a method of excusing default. O'Dell v. Netherland, 95 F.3d 1214, 1246 (4th Cir. 1996), aff'd, 521 U.S. 151, 117 S.Ct. 1969 (1997). To prevail under this theory, a petitioner must produce new evidence that was not available at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999). A petitioner may establish actual innocence as to his guilt, Id., or his sentence. Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir. 1997). It is a habeas petitioner's burden to raise cause and prejudice or actual innocence; if these are not raised by petitioner, the court need not consider the defaulted claim. Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), cert. denied, 517 U.S. 1171, 116 S.Ct. 1575 (1996).

## **DISCUSSION**

A review of the record and relevant case law reveals that petition should be denied.

As an initial matter, Petitioner's first two grounds for relief are exhausted in the state courts and not procedurally defaulted because Petitioner presented his second ground in his

direct appeal and he petitioned the South Carolina Supreme Court for a writ of certiorari from the denial of his PCR and presented his first ground for relief. These grounds may be addressed on the merits in federal habeas corpus.

In contrast, Petitioner indicated that he did not raise any grounds to the South Carolina Supreme Court which were raised in his R. 52(e) motion to amend the PCR court's order and which it appears is the subject of his third ground for relief here. Habeas Petition at p. 8. Therefore ground three is procedurally defaulted. Petitioner agreed that he cannot show cause and prejudice for the default of his third ground. Petitioner's opposition p. 3. Petitioner also wholly failed to demonstrate that he is actually innocent of his crimes. Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence of the charges of which he stands convicted. See, Schlup v. Delo, 513 U.S. 298, 324, 115 S.Ct. 851 (1995). Therefore, ground 3 should not be reviewed on the merits.

In his first ground for relief, Petitioner contends that his trial counsel was "ineffective for not moving for suppression because Petitioner was maintaining that he was not a resident of that apartment and therefore he did not have a viable Fourth Amendment claim." PCR Judge Keesley disagreed and found that a

suppression motion would have failed because the search warrant was based upon probable cause and was valid. Therefore counsel was not ineffective for not bringing a futile motion.

First Judge Keesley recited controlling federal law on ineffective assistance of counsel citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). The United States Supreme Court in Strickland adopted a two-prong test for use in determining whether a petitioner received adequate assistance of counsel within the mandates of the Sixth Amendment. The first-prong of the test is competence: "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the sixth amendment." Id. at 687, 104 S.Ct. at 2064. In evaluating a claim of attorney incompetence, a court must indulge a strong presumption that counsel's conduct was within the wide-range of reasonable professional assistance. Id. at 689, 104 S.Ct. at 2065; see also, Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977) (adopted McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441 (1970). Also a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed at the time of counsel's conduct.

The second Strickland prong is prejudice: "The defendant

must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068 (1984).

Since the burden is on the petitioner to show both incompetence and sufficient prejudice, an inquiry into whether counsel's performance was deficient may begin within an inquiry of either prong of the Strickland test. Strickland, 466 U.S. at 697.

Here, Petitioner was arrested when officers with a warrant raided his girlfriend's apartment where he was staying. He and another man were present, and officers recovered drugs, guns, and drug-making paraphernalia. An investigating officer testified that officers had gotten a search warrant for a different location where Petitioner had been living, but never served it because they received information he had moved to the girlfriend's apartment. (PCR App. 46-47; 77-79). In the affidavit for the search warrant for the girlfriend's apartment, the second warrant, the officer indicated that a reliable and confidential informant had observed crack cocaine being sold to him and other within the second apartment. (PCR App. 81-82). The officer also noted that he and the informant observed Petitioner

selling crack outside of the apartment, that the informant made a controlled buy from Petitioner on more than one occasion in the apartment, and that the officer monitored a phone call setting up the drug deal in which Petitioner was the party on the other end of the line. PCR App. 91-94).

At PCR, Petitioner testified that while police had justified the first search warrant for the petitioner's trailer on the basis of a controlled buy by an informant, the second search warrant was supported only by an informant's observation of drug sales by Petitioner outside the apartment. Counsel testified he saw no defect with the warrant and the PCR judge agreed. Petitioner did not identify how and why a suppression hearing would have been successful.

The PCR court found counsel was not ineffective for not challenging the warrant because there was probable cause for the warrant based on the police surveillance and the information provided by the informant. (PCR App. 288-89). Here, the findings of the state court have not been rebutted. The decision of the state court is not contrary to, or does not involve an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. Nor is the decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Therefore the petitioner is not entitled to habeas corpus relief

on this claim.

Petitioner's second claim is:

**GROUND TWO:** Trial court erred in failing to grant a directed verdict.
Supporting Facts: Trial judge erred in failing to grant a directed verdict of acquittal where there was insufficient evidence of guilt.

In a due process context, "the critical inquiry on review of the sufficiency of the evidence... must be... to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. ... The relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979).

Here, the evidence of guilt presented at trial appears to be overwhelming. Police received complaints Petitioner was selling drugs. They conducted enough surveillance to obtain a warrant, but Petitioner moved to the second apartment. Police conducted further surveillance of the second address and got a search warrant for it. (PCR App. 44-51). They entered and found Petitioner and another man, both of whom tried to flee. They also discovered crack in the process of drying, cocaine, paraphernalia, ingredients for making crack, crack in separate plastic bags, a large sum of money in small bills, guns, and

17

crack cooking in the microwave which rang off after the agents had entered the apartment. A receipt was found in Petitioner's name for furniture still boxed within the house. (PCR App. 51-77; 114-31; 156-63). Petitioner's girlfriend, who leased the apartment, testified that he had moved in three weeks prior, and that she observed Petitioner and his codefendant with powder cocaine before she left. She identified a gun found in the residence as belonging to Petitioner. (PCR App. 97-105).

The judge's decision to deny the motion for a directed verdict is based on more than enough trial evidence to support a conviction; Petitioner is not entitled to habeas relief on this ground.

Petitioner's third ground for relief is, "Motion to Alter or Amend Judgment" "Petitioner submits the entire motion for review and consideration." Petitioner apparently wishes to raise all the issues that he asserted in the Motion to Alter or Amend in the PCR. (PCR App. 292). This claim is procedurally barred as discussed previously. See, e.g. Coleman v. Thompson, 501 U.S. 722 (1991) (issue not properly raised to the state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas). Additionally, Petitioner has demonstrated neither cause for the default nor prejudice therefrom to excuse the default and there is no showing of actual innocence. He is not entitled to habeas corpus relief.

## **CONCLUSION**

Accordingly, for the aforementioned reasons, it is recommended that the Petition be denied and this matter ended.

Respectfully Submitted,

*Robert S. Carr*
Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

February **8**, 2010